1     UNITED STATES DISTRICT COURT
      CENTRAL DISTRICT OF CALIFORNIA
2       WESTERN DIVISION

3

4  FIRPO WYCOFF CARR,   )
           )
5    ,  PLAINTIFF,  )
           )
6    vs.     ) CASE NO. 2:23-CV-01813-ODW-MAA
           )
7  FEDERAL BUREAU OF  )
  INVESTIGATION, ET AL.,  )
8           ) Los Angeles, California
           ) JULY 18, 2023
9    DEFENDANTS.  )
   _____)

10

11

12

13

14     TELEPHONIC STATUS CONFERENCE
    BEFORE THE HONORABLE MARIA A. AUDERO
15     UNITED STATES MAGISTRATE JUDGE

16

17

18  APPEARANCES:     SEE NEXT PAGE

19  COURT REPORTER:   RECORDED, COURTSMART

20  COURTROOM DEPUTY:  NARISSA ESTRADA

21  TRANSCRIBER:    DOROTHY BABYKIN
          COURTHOUSE SERVICES
22          1218 VALEBROOK PLACE
          GLENDORA, CALIFORNIA   91740
23          (626) 963-0566

24

25  PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.
  TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

1

APPEARANCES:

2

3       FOR PLAINTIFF FIRPO WYCOFF CARR:

4               FIRPO WYCOFF CARR
                PRO SE
5

6

7       FOR DEFENDANT FEDERAL BUREAU OF INVESTIGATION, ET AL.:

8               E. MARTIN ESTRADA
                UNITED STATES ATTORNEY
                BY:  JILL S. CASSELMAN
9               ASSISTANT UNITED STATES ATTORNEY
                300 NORTH LOS ANGELES STREET
10              LOS ANGELES, CALIFORNIA  90012
                        :
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                              I N D E X

3      2:23-CV-01813-ODW-MAA                              JULY 18, 2023

4      PROCEEDINGS:   TELEPHONIC STATUS CONFERENCE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Dorothy Babykin Courthouse Services
1218 Valebrook Place   •   Glendora, CA 91740   •   626.963.0566   •   dotnisbet@aol.com

1

2               LOS ANGELES, CALIFORNIA; JULY 18, 2023

3            THE CLERK:  COUNSEL, PLEASE STATE YOUR APPEARANCE

4  BEGINNING WITH THE PLAINTIFF.

5            MR. CARR:  YES.  THIS IS FIRPO WYCOFF CARR, PLAINTIFF IN

6  THIS MATTER.

7            THE COURT:  GOOD MORNING, MR. CARR.

8            MR. CARR:  GOOD MORNING, YOUR HONOR.

9            MS. CASSELMAN:  GOOD MORNING, YOUR HONOR.

10           THIS IS ASSISTANT UNITED STATES ATTORNEY JILL CASSELMAN

11  ON BEHALF OF DEFENDANTS THE FEDERAL BUREAU OF INVESTIGATION

12  AND DEPARTMENT OF JUSTICE.

13           THE COURT:  GOOD MORNING, MS. CASSELMAN.

14           SO, DO WE HAVE PANERA ON THE LINE?

15           (NO AUDIBLE RESPONSE.)

16           THE COURT:  WELL, APPEARS NOT.

17           OKAY.  ALL RIGHT.  WELL, SO, WE'RE HERE BECAUSE MR. CARR

18  IN CONNECTION WITH HIS LAWSUIT ISSUED A MAP TO PANERA FOR TWO

19  THINGS – CCTV SECURITY VIDEO OF THE EVENTS THAT TOOK PLACE ON

20  NOVEMBER 26, 2022, SOMETIME BETWEEN 6:00 AND 8:00 P.M.;

21           AND ANY AND ALL CORRESPONDENCE AND DOCUMENTATION

22  RELATIVE TO THIS TIME PERIOD AND EVENTS THEREIN.

23           THIS IS IN CONNECTION WITH THE LAWSUIT THAT INVOLVED

24  MR. CARR'S ALLEGATIONS THAT ON THAT DAY HE WAS AT PANERA.   AND

25  HE GOT UP TO GO DOWN – TWO DOORS DOWN TO A JAPANESE

1    RESTAURANT TO GRAB SOME TAKE-OUT.  AND HE REQUESTED THAT A

2    SERVER WORKING AT PANERA KEEP AN EYE ON HIS LAPTOP AND HIS

3    OTHER PERSONAL BELONGINGS WHILE HE WENT  -- AND SOME OTHER

4    PERSONAL BELONGINGS  -- I DON'T MEAN TO IMPLY ALL OF HIS PERSONAL

5    BELONGINGS --  WHILE MR. CARR WENT TO PICK UP THE TAKE-OUT FOOD

6    FROM THE JAPANESE RESTAURANT.  AND UPON HIS RETURN HE WAS

7    TOLD BY SOME I GUESS BYSTANDER OUTSIDE THAT SOMEBODY HAD

8    TAKEN HIS LAPTOP AND WHATEVER ELSE WAS ON THE TABLE.

9            AND MR. CARR BELIEVES THAT THE SERVER AT PANERA

10   CONSPIRED WITH THE FBI TO ALLOW THE FBI TO TAKE PLAINTIFF'S ITEMS

11   ALL PURSUANT  -- AS I UNDERSTAND IT, AND I'M NOT QUITE SURE  --

12   PURSUANT TO A SUBPOENA, A FISA WARRANT I SHOULD SAY THAT WAS

13   ISSUED BECAUSE APPARENTLY PLAINTIFF IS SUSPECTED OF BEING A SPY

14   FOR A FOREIGN GOVERNMENT.

15           AND  -- NOW, I GUESS THE FBI STILL HAS THE COMPUTER -- I'M

16   NOT SURE – BUT WAS ABLE TO ACTUALLY ACCESS IT AND ALLEGEDLY

17   DELETED FILES AFTER COPYING THEM IN AN EFFORT TO FIND

18   INCRIMINATING EVIDENCE AGAINST PLAINTIFF.

19           THAT'S GENERALLY A VERY, VERY, VERY HIGH LEVEL SUMMARY

20   OF THE CASE, MOST OF WHICH IS NOT RELEVANT TO WHAT WE'RE GOING

21   TO DO TODAY.

22           BUT JUST SO THAT WE HAVE A CLEAR RECORD, MR. CARR, DID I

23   ACCURATELY MAKE A VERY GENERAL STATEMENT OF YOUR

24   ALLEGATIONS?

25           MR. CARR:  YES, YOU DID, YOUR HONOR.  THANK YOU.

1          THE COURT:  OKAY.

2          ALL RIGHT.  SO, OF COURSE, THE CCTV SECURITY VIDEO MR.

3    CARR ALLEGES IS RELEVANT TO HIS CLAIMS AS ARE CORRESPONDENCE

4    RELATED TO THAT TIME AND EVENTS.  AND BECAUSE OF THAT MR. CARR

5    HAS TRIED TO OBTAIN THAT THROUGH SUBPOENA FROM PANERA.

6          MY UNDERSTANDING IS YOU WERE ABLE TO OBTAIN THE CCTV

7    FOOTAGE BUT NOT THE DOCUMENTS.

8          WAS THAT CORRECT, MR. CARR?

9          MR. CARR:  ESSENTIALLY.  THE CCTV FOOTAGE I HAD TO COPY.

10   THEY DID NOT PROVIDE  --

11         THE COURT:  YES.

12         MR. CARR:  -- IT FOR ME UNTIL LATER, JUST LAST WEEK.

13         BUT ESSENTIALLY THAT'S CORRECT.

14         AND THE DOCUMENTS SPECIFICALLY AS I SPOKE WITH THE

15   MANAGER HAS TO DO WITH THE FBI'S CORRESPONDENCE OR

16   DOCUMENTATION, EMAILS, ET CETERA.

17         THE COURT:  RIGHT.

18         OKAY.  BUT YOU  -- IS IT CORRECT THAT YOU HAVE NOT

19   RECEIVED THAT  -- THE DOCUMENTS YET?

20         MR. CARR:  THAT IS CORRECT.  YES, YOUR HONOR.

21         THE COURT:  OKAY.  BECAUSE AS YOU ARE AWARE BASED ON

22   MY ORDER I RECEIVED AN EMAIL FROM PANERA SAYING,  "WE'VE MADE

23   ARRANGEMENTS TO BE COMPLIANT WITH THE SUBPOENA ON THIS DATE."

24   BUT I THINK -- I CAN'T REMEMBER THE EXACT DATE.  BUT NEVERTHELESS.

25   AND, SO, YOU KNOW, "PLEASE TAKE THIS INFORMAL DISCOVERY

1    CONFERENCE OFF THE RECORD."

2         SO, THAT'S WHY I'M ASKING -- IT SOUNDED LIKE THEY WERE

3    GOING TO BE COMPLIANT.  BUT IT SOUNDS LIKE YOU'RE REPORTING TO

4    THE COURT THAT THEY HAVE NOT PRODUCED THE DOCUMENTS YET.

5         MR. CARR:  THAT IS CORRECT.  IN FACT, I HAVE THAT EMAIL IN

6    FRONT OF ME, YOUR HONOR.  AND THE RELEVANT PARAGRAPH

7    INTERESTINGLY ENOUGH STATES THIS, AND I QUOTE:

8         "THE SUBPOENA WAS SENT TO OUR SURVEILLANCE VENDOR TO

9    FULFILL THE SUBPOENA REQUEST."

10        AND THAT'S IT.

11        THERE IS NO MENTION OF THE DOCUMENTS.

12        THEN, THE NEXT PARAGRAPH STATES:

13        "HOPEFULLY THIS RESOLVES THE OUTSTANDING ISSUE OF THE

14   SUBPOENA," WHICH IT DOES NOT.

15        AND MY MOTION TO COMPEL ADDRESSES THIS.  AND THAT IT

16   WAS ONLY PARTIALLY FULFILLED AT BEST.  BUT, NO, THE DOCUMENTS

17   HAVE NOT BEEN FORTHCOMING, YOUR HONOR.

18        THE COURT:  OKAY.

19        ALL RIGHT.  OKAY.  SO, THAT PUTS US UP TO DATE.

20        LET ME ASK MS. CASSELMAN IF SHE HAS ANYTHING TO ADD

21   BEFORE I ADDRESS THE EMAIL THAT I RECEIVED -- WELL, LET ME JUST

22   ADDRESS THE EMAIL RECEIVED FROM MS. CASSELMAN, WHICH BASICALLY

23   SAYS, THIS IS ALL PREMATURE BECAUSE THE PARTIES HAVEN'T HELD

24   THEIR RULE 26(F) CONFERENCE.  AND RULE 26(B)(1) PROVIDES THAT

25   DISCOVERY CAN'T PROCEED UNTIL AFTER THAT.

1          SO, THIS IS WHAT PROMPTED ME BY THE WAY TO CONVERT THE

2     INFORMAL DISCOVERY CONFERENCE INTO A STATUS CONFERENCE.

3          I DIDN'T WANT TO LEAVE YOU HANGING, MR. CARR.  BUT I DO

4     WANT TO ADDRESS THE ARGUMENT THAT DEFENDANT RAISES AS TO

5     WHETHER THIS DISCOVERY IS PREMATURE.

6          BUT BEFORE WE GO THERE, LET ME ASK MS. CASSELMAN, DO

7     YOU HAVE ANYTHING TO ADD?

8          MS. CASSELMAN:  I'D JUST LIKE TO ADD THAT THE

9     JURISDICTIONAL MOTION TO DISMISS THAT'S PENDING IS  -- YOU KNOW,

10    THE HEARING WAS SUPPOSED TO BE SEVERAL WEEKS AGO.  AND IT'S

11    BEEN SUBMITTED.  AND I WOULD EXPECT AN ORDER ANY DAY DISPOSING

12    OF THE MATTER.

13         THE COURT:  OKAY.

14         MS. CASSELMAN:   I'M REGRETFULLY PICKING UP A LOT OF

15    YOUR HONOR'S TIME ON MY CASES THESE DAYS.  I HOPE NOT TO DO SO.

16         THE COURT:  NO, THAT'S OKAY.  DON'T WORRY ABOUT IT.

17    THAT'S WHY I'M HERE.

18         BUT, OKAY.  SO, LET'S TURN TO THE ISSUE  -- TO THE

19    DIFFICULTY THAT I THINK YOU ARE FACING, MR. CARR, IN YOUR MOTION,

20    WHICH IS A PROCEDURAL ONE NOT EVEN ALLOWING ME TO GET TO THE

21    MERITS, WHICH IS RULE 26(B)(1) DOESN'T ALLOW DISCOVERY UNTIL THE

22    RULE 26(F) CONFERENCE HAS BEEN HELD.  AND IT'S MY UNDERSTANDING

23    THAT ONE HAS NOT BEEN HELD.

24         SO  -- DISCOVERY HASN'T EVEN STARTED YET.  AND I

25    UNDERSTAND THAT, YOU KNOW, PANERA HAS CHOSEN TO RESPOND TO

1   YOUR MOTION, BUT UNTIL THERE IS -- UNTIL DISCOVERY IS ONGOING,

2   WHICH IT IS NOT PERMITTED AT THIS TIME, I DON'T -- I DON'T HAVE THE

3   ABILITY TO ADDRESS YOUR DISCOVERY MOTION.

4           MR. CARR:  WELL -- EXCUSE ME.  I'M SORRY, YOUR HONOR.  I'LL

5   LET YOU FINISH.

6           THE COURT:  YES.  THAT WAS IT.

7           MR. CARR:  OKAY.

8           I APPRECIATE YOU HEARING THIS AND ALL.  AND THERE'S -- IT

9   IS QUITE INTERESTING TO ME THAT MS. CASSELMAN STATED THAT SHE'S

10  WAITING FOR THIS TO BE DISPOSED OF.

11          AND OF COURSE THE FACT THAT THE JUDGE IN THIS CASE

12  JUDGE WRIGHT DID NOT WISH TO HEAR HER PRESENT THESE IN PERSON I

13  THINK SPEAKS TO THE MERITS OF HER MOTION TO DISMISS.

14          FOR EXAMPLE, SHE STATED AND UNFORTUNATELY THAT

15  STATES THAT HOUR  MEET AND CONFER STARTED AROUND APRIL 24TH OR

16  25TH I BELIEVE WHEN I ISSUED THREE EMAILS STATING IN HER OWN

17  WORDS EMAILS FROM HER THAT IT WOULDN'T START UNTIL I BELIEVE IT

18  WAS TUESDAY, MAY 4TH.  SO --

19          THE COURT:  LET ME -- LET ME --

20          MR. CARR:  AND --

21          THE COURT:  -- MR. CARR, I'M STARTING TO --

22          MR. CARR:  WHAT -- AND, SO, IF I COULD JUST --

23          THE COURT:  HOLD ON.  HOLD ON.

24          MR. CARR:  -- FINISH -- IF I  COULD -- I'M SURE SHE'LL LET YOU

25  --

1   THE COURT:  NO.  BECAUSE YOU'RE MAKING AN ARGUMENT ON

2   SOMETHING THAT'S --

3   MR. CARR:  SO --

4   THE COURT:  MR. CARR, I'M NOT GOING TO LET  --

5   MR. CARR:  WELL --

6   THE COURT:  YOU NEED TO STOP.

7   MR. CARR:  -- I --

8   THE COURT:  THE  --

9   MR. CARR:  NO.  NO.  I'M NOT.  I'M GOING TO CONTINUE.

10   THE COURT:  MR. CARR --

11   MR. CARR:  I'M GOING TO CONTINUE.

12   THE COURT:  MR. CARR, YOU  --

13   MR. CARR:  I'M GOING TO CONTINUE.

14   SO, WHAT I'M GOING TO DO --

15   THE COURT:  MR. CARR, YOU ARE MAKING ARGUMENTS

16   REGARDING THE MOTION TO DISMISS, WHICH IS NOT BEFORE ME.  AND I

17   WILL NOT HEAR THEM.

18   MR. CARR:  OH, I SEE.

19   THE COURT:  SO --

20   MR. CARR:  YES.  OKAY.

21   ALL RIGHT.

22   WELL  --

23   THE COURT:  THE ONLY THING THAT I WANTED TO  -- HOLD ON.

24   MR. CARR:  YES, MA'AM.  YES, YOUR HONOR.

25   THE COURT:  I DON'T WANT TO HEAR ABOUT THE MOTION TO

1     DISMISS.  IT'S NOT BEFORE ME.  IT'S NOT SOMETHING THAT AFFECTS

2     WHAT I NEED TO DO HERE WITH YOUR MOTION TO COMPEL.

3              IT IS NOT THAT I HAVE NO INTEREST IN YOUR CASE.  I WANT TO

4     MAKE SURE THAT IT'S VERY CLEAR.  BUT IT IS THAT I JUST HAVE NO

5     JURISDICTION OVER THAT MOTION TO DISMISS.  AND, SO, IT'S FUTILE FOR

6     US TO DISCUSS IT.  SO, WE'RE NOT GOING TO DISCUSS IT BECAUSE IT'S

7     NOT A GOOD USE OF THE COURT'S RESOURCES.

8              SO, LET'S JUST -- LET'S BRING THIS BACK TO WHERE WE NEED

9     TO PUT THIS DISCUSSION.

10             AND THAT IS THAT NO RULE --  REGARDLESS OF WHAT MS.

11    CASSELMAN MAY HAVE SAID WITH RESPECT TO THE PENDING MOTION TO

12    DISMISS, THE PARTIES HAVE NOT YET HELD THE RULE 26(F) CONFERENCE.

13             IS THAT RIGHT?

14             MR. CARR?

15             MR. CARR:  THAT IS CORRECT.  YES, YOUR HONOR.

16             THE COURT:  OKAY.

17             OKAY.  THEN, DO YOU UNDERSTAND  -- I UNDERSTAND YOU'RE

18    REPRESENTING YOURSELF.  AND, SO, I WANT TO MAKE SURE THAT WE

19    LEVEL THE PLAYING FIELD.  I'M HAPPY TO EXPLAIN ALL THE PROCEDURES

20    TO YOU.

21             DO YOU UNDERSTAND WHY I CAN'T ADDRESS THIS MOTION?

22             MR. CARR:  YES, I DO, YOUR HONOR.

23             THE COURT:  OKAY.  OKAY.

24             ALL RIGHT.  SO, HERE IS WHAT WE CAN -- THERE'S A COUPLE OF

25    WAYS THAT WE CAN GO ON THIS.

1          NUMBER ONE, I CAN ISSUE AN ORDER DENYING YOUR MOTION

2    WITHOUT PREJUDICE FOR YOU TO BRING IT LATER IF IT'S STILL AN ISSUE.

3          I DON'T KNOW -- A LOT OF PARTIES DON'T LIKE TO HAVE

4    MOTIONS DENIED.  SOME PARTIES DON'T CARE.  SO, I'M -- YOU KNOW, IT'S

5    UP TO YOU.

6          OR YOU CAN SIMPLY WITHDRAW THE MOTION.  AND YOU WILL

7    ALWAYS BE ABLE TO BRING IT AGAIN WHEN IT'S THE APPROPRIATE TIME.

8          SO, HOW WOULD YOU LIKE TO PROCEED?

9          MR. CARR:  LET'S SEE.  I WROTE BOTH THOSE DOWN.  AND

10   THANK YOU.

11         AND, FIRST OF ALL, I WANT TO APOLOGIZE.  I THOUGHT THAT

12   WAS MS. CASSELMAN SPEAKING.  YOUR VOICE IS -- AT LEAST ON MY

13   PHONE SOUND SIMILAR.  SO, I APOLOGIZE IF THAT WAS YOU THAT I WAS

14   SPEAKING OVER, YOUR HONOR.

15         THE COURT:  YEAH.  THAT WAS -- THAT WAS ME.

16         MR. CARR:  OH, MY GOD.   OKAY.

17         THE COURT:  IT'S OKAY.  IT'S – IT'S VERY HARD WHEN WE'RE

18   DOING THIS BY PHONE.  AND, SO, I  -- YOU KNOW, I JUST -- I'M GOING TO

19   USE THIS AS AN OPPORTUNITY TO WHEN PEOPLE START TO SPEAK OVER

20   EACH OTHER, I THINK WHEN WE DO THIS BY PHONE, THE BEST APPROACH

21   IS EVERYBODY STOP TALKING.  AND THEN WE CAN RESUME.   AND I CAN

22   HANDLE WHO IS GOING TO TALK NEXT.

23         SO, LET'S MAKE THAT A RULE FOR US.  IT'S NOT A LOCAL RULE,

24   BUT I THINK IT WILL BE A VERY HELPFUL WAY FOR US TO APPROACH THIS.

25         SO, DON'T WORRY, MR. CASSELMAN.  I -- YOU KNOW, LET'S

1   JUST NOT TALK – LET'S NOT TALK OVER EACH OTHER.  AND LET'S JUST  --

2   EVERYBODY MAKE AN EFFORT FOR THAT.

3          YOU WERE SAYING.

4          MR. CARR:  OH, YES.  THANK YOU FOR THAT, YOUR HONOR.

5   AND, AGAIN, PLEASE ACCEPT MY HUMBLE APOLOGIES.

6          I  -- IF I UNDERSTAND YOU CORRECTLY, AND I THINK IT'S

7   PRETTY STRAIGHTFORWARD.  IT SAYS YOU CAN -- YOU HAVE STATED YOU

8   CAN EITHER DENY THE MOTION WITHOUT PREJUDICE MEANING THAT I CAN

9   BRING IT UP LATER, OR I CAN WITHDRAW IT AND STILL WITH THE OPTION

10  TO BRING IT UP LATER.

11         WHEN YOU SAY LATER, DO YOU MEAN AFTER A DECISION HAS

12  BEEN MADE WITH REGARD TO THE DISMISSAL?

13         THE COURT:  I MEAN LATER WHEN DISCOVERY IS ALLOWED TO

14  BEGIN.

15         MR. CARR:  OKAY.

16         IS THAT USUALLY  --

17         THE COURT:  THE PARTIES WILL ADDRESS  -- THE PARTIES WILL

18  ADDRESS THAT, RIGHT.

19          I MEAN, WHAT IT TAKES FOR DISCOVERY TO BEGIN IS THAT THE

20  PARTIES HAVE TO HOLD THE RULE 26(F) CONFERENCE.

21         AND, SO, UNTIL THAT HAPPENS YOU CAN'T START DISCOVERY.

22         AND, SO, WHAT I'M SAYING IS I WILL HEAR IT ONCE DISCOVERY

23  BEGINS.

24         MR. CARR:  I SEE.

25         THANK YOU FOR THAT.

1    MY SPECIFIC QUESTION TO THAT IS CAN DISCOVERY BEGIN

2    PENDING A MOTION TO DISMISS?

3    THE COURT:  DISCOVERY CANNOT BEGIN UNTIL THE PARTIES

4    HOLD THE RULE 26(F) CONFERENCE ABSENT AN ORDER OF THE COURT

5    AND A STIPULATION OF THE PARTIES.

6    I HAVE NOT ISSUED AN ORDER ALLOWING YOU TO START

7    DISCOVERY.  I BELIEVE THAT JUDGE WRIGHT HAS NOT ISSUED AN ORDER

8    ALLOWING YOU TO START DISCOVERY.  AND MY UNDERSTANDING IS YOU

9    DON'T HAVE A STIPULATION FROM THE OTHER SIDE ALLOWING YOU TO

10    START DISCOVERY.

11    MR. CARR:  OH, I SEE.  OKAY.  THANK YOU.  THAT'S CORRECT.  I

12    DON'T.  AND THAT'S JUST MY NOVELTY REGARDING RULE 26(F).

13    I DID READ WHAT MS. CASSELMAN STATED.  AND I THOUGHT TO

14    MYSELF QUITE FRANKLY, UH OH.

15    SO, WHAT I WILL DO AS I THINK OUT LOUD HERE IS TAKE A LOOK

16    AT THAT FIRST.  AND INSTEAD OF PUTTING THE CART BEFORE THE HORSE

17    AS I HAVE DONE HERE WITH THIS MOTION TO COMPEL.

18    I AM HOPING THAT WHEN I LOOK AT RULE 26(F) THAT IT WILL

19    STATE – IT WILL GIVE ME SOME TIME FRAME OR WHERE IN THE FLOW OF

20    THINGS, WHERE IN THE PROCESS I CAN ACTUALLY BRING THIS MATTER UP

21    AGAIN.

22    SO, IN LIEU OF THAT, IF YOU WOULD LIKE TO SHARE WITH ME

23    THE PROCESS, THE PROCEDURE.  I KNOW WHAT YOU'VE STATED THUS

24    FAR.  BUT I SUPPOSE MY QUESTION BOTTOM LINE IS  -- AND I REALIZE I

25    HAVE TO CONVENE OR MEET WITH COUNSEL SO THAT WE CAN GET THIS

1    STIPULATED.

2            SO, I HAVE TWO QUESTIONS.

3            WHAT IF COUNSEL AGREES OR DISAGREES OR DOESN'T AGREE

4    WITH ME WITH THE STIPULATION IS MY FIRST QUESTION.

5            AND MY SECOND QUESTION IS HOW IS THAT CONNECTED WITH

6    THE MOTION TO DISMISS?

7            THE COURT:  OKAY.  SO, I AM NOT IN A POSITION WHERE I CAN

8    GIVE YOU LEGAL ADVICE.  AND THIS IS A VERY FINE LINE.

9            SO, BEFORE I SAY  -- BEFORE I ANSWER YOUR QUESTION,

10   WHICH I WANT TO ANSWER SO THAT YOU ARE NOT PUT AT A

11   DISADVANTAGE MERELY BECAUSE YOU'RE NOT AN ATTORNEY.

12           BUT I DO WANT TO ASK MS. CASSELMAN, DO YOU HAVE ANY

13   CONCERNS WITH MY KIND OF HELPING TO ORIENT MR. CARR?

14           MS. CASSELMAN:  NO, YOUR HONOR.  YOU'RE FINE TO DO THAT.

15           I JUST  -- I THINK THAT YOU -- YOU KNOW THAT THE POSITION OF

16   THE DEFENDANTS AND ALL FEDERAL AGENCIES IS WE DON'T AGREE TO

17   UNDERGO DISCOVERY IN CASES WHERE OUR POSITION IS THERE'S NO

18   JURISDICTION.

19           SO, I'M NOT -- I'M NOT AMENABLE TO STIPULATING.  AND, SO,

20   YOU MAY INSTRUCT HIM WITH THAT IN MIND.

21           (LAUGHTER.)

22           MS. CASSELMAN:  -- GIVE HIM SOME ADVICE --

23           THE COURT:  WELL, THAT'S -- AND THAT'S  -- THAT'S PERFECTLY

24   FINE.  AND THAT'S WHAT I NEEDED TO HEAR FROM YOU SO THAT IT DIDN'T

25   COME FROM ME, ALTHOUGH I HAPPEN TO KNOW THAT.

1          SO, HERE'S HOW IT WORKS.  HERE'S HOW IT WORKS, MR. CARR.

2          YOU HAVE A RULE THAT SAYS YOU CAN'T CONDUCT DISCOVERY

3    UNTIL YOU HOLD A RULE 26(F) CONFERENCE.

4          YOU HAVE THE ABILITY  -- AND THE RULE 26(F) CONFERENCE

5    HAS SOME TIMING ISSUES WITH IT.  IT CAN  -- YOU CAN START – IT CAN –

6    YOU CAN HOLD THE – YOU CAN HOLD THE RULE 26 CONFERENCE AS SOON

7    AS PRACTICABLE.

8          BUT NO LATER THAN 21 DAYS BEFORE A SCHEDULING

9    CONFERENCE IS HELD.

10          OKAY?

11          MR. CARR:  OKAY.

12          THE COURT:  SO, ESSENTIALLY  -- AND THAT'S IN RULE 26(F)(1).

13    I'M JUST KIND OF READING TO YOU WHAT THAT RULE SAYS.

14          SO, MY UNDERSTANDING -- AND CORRECT ME IF I'M WRONG,

15    MR. CARR OR MS. CASSELMAN, THERE HAS NOT BEEN ANY ORDER SAYING

16    FROM JUDGE WRIGHT SETTING A SCHEDULING CONFERENCE.

17          IS THAT CORRECT, MS. CASSELMAN?

18          MS. CASSELMAN;  YES, YOUR HONOR.

19          THE COURT:  OKAY.

20          SO, TO COMMENCE A RULE 26(F) CONFERENCE BETWEEN YOU

21    AND DEFENDANT, YOU HAVE TO COME TO  -- YOU HAVE TO COME TO AN

22    AGREEMENT WITH DEFENDANT AS TO A DATE OF WHEN YOU'RE GOING TO

23    HOLD THAT CONFERENCE.

24          WHAT YOU HAVE JUST HEARD MS. CASSELMAN SAY IS THAT IT

25    IS THE POLICY AND PRACTICE OF FEDERAL AGENCIES TO NOT

1    PARTICIPATE IN A RULE 26 CONFERENCE UNTIL RESOLUTION OF ANY

2    PENDING JURISDICTIONAL MOTION, WHICH IS WHAT YOU HAVE PENDING

3    RIGHT NOW.

4              SO, WHAT IS LIKELY GOING TO HAPPEN HERE –

5              AND, MS. CASSELMAN, FEEL FREE TO JUMP IN AND SAY THAT

6    THAT'S NOT GOING TO HAPPEN IF I'M WRONG.

7              BUT YOU MAY PICK UP THE PHONE, MR. CARR, OR SEND AN

8    EMAIL TO MS. CASSELMAN AND SAY, HEY, LET'S HOLD OUR RULE 26(F)

9    CONFERENCE.  AND MOST LIKELY MS. CASSELMAN IS GOING TO SAY,

10   NOPE, WE DON'T HAVE TO UNDER THE RULES.   AND WE'RE NOT GOING TO

11   UNTIL WE HAVE TO.

12             AND WE DON'T HAVE TO BECAUSE RIGHT NOW NO RULE 26  --

13   NO RULE 16 CONFERENCE  -- SCHEDULING CONFERENCE HAS BEEN SET

14   BY THE JUDGE.

15             WHICH IS THE ONLY TIMING RULE THAT EXISTS AS TO THE RULE

16   26 (F) CONFERENCE IS IT HAS TO HAPPEN NO LATER THAN 21 DAYS

17   BEFORE THE SCHEDULING CONFERENCE.

18             SINCE NO SCHEDULING CONFERENCE IS ON THE CALENDAR OR

19   ON THE DOCKET, THERE IS NO DATE BY WHICH DEFENDANTS ARE

20   REQUIRED TO HOLD AND PARTICIPATE IN A RULE 26(F) CONFERENCE.

21             DOES THAT MAKE SENSE, MR. CARR?

22             MR. CARR:  YES, IT DOES.  YES, IT DOES, YOUR HONOR.  AND

23   THANK YOU SO MUCH.

24             I --

25             THE COURT:  YOU'RE WELCOME.

1        MR. CARR:  YES. I COMPREHEND IT ALL.

2            MY QUESTION -- THEN IT'S UNSURPRISING THAT FEDERAL

3    AGENCIES AND MS. CASSELMAN REPRESENTING THEM WOULD NOT

4    AGREE TO IT.  THAT'S  -- FOR A NOVICE I THINK THAT THAT IS  -- THAT'S

5    PRETTY CLEAR.

6            BUT I SUPPOSE MY LAST QUESTION TO YOU IS, YOUR

7    HONOR  -- AND THANK YOU SO MUCH.  I FULLY COMPREHEND EVERYTHING

8    YOU SAID.   AND I'VE BEEN TAKING NOTES.

9            MY LAST QUESTION TO YOU I BELIEVE WILL BE THE

10   SCHEDULING CONFERENCE, IS THAT ISSUED BY THE COURT  -- IN THIS

11   CASE JUDGE WRIGHT?

12           THE COURT:  YES.  JUDGE WRIGHT IS THE ONE WHO IS GOING

13   TO ISSUE AN ORDER SETTING A DATE BY WHICH HE'S GOING TO HOLD THE

14   SCHEDULING CONFERENCE.

15           MR. CARR:  I SEE.  OKAY.

16           THE COURT:  THAT IS NOT SOMETHING THAT I WILL DO

17   BECAUSE HE IS THE ONE WHO  -- IT'S JUDGE WRIGHT WHO WILL SET THE

18   SCHEDULE IN THIS CASE.

19           MR. CARR:  UNDERSTOOD.

20           SO, I SUPPOSE ALL OF THIS IS CONTINGENT – THE SCHEDULING

21   CONFERENCE OR POTENTIAL  -- OR PROSPECTIVE SCHEDULING

22   CONFERENCE IS CONTINGENT UPON THE DECISION ON THE MOTION TO

23   DISMISS, WHICH I'M HOPING WILL BE DENIED, OF COURSE.

24           IS THAT CORRECT?

25           THE COURT:  YOU KNOW, IT DOESN'T HAVE TO BE.  IT IS NOT A

1      YES ABSOLUTELY NECESSARILY IT IS CONTINGENT UPON THE DECISION

2      ON THE MOTION TO DISMISS.

3              THERE IS NO RULE THAT SAYS THAT JUDGE WRIGHT CAN'T SET

4      THE SCHEDULING CONFERENCE  DATE WHILE THE MOTION IS PENDING.

5              IN FACT, RULE 16 PROVIDES THE TIMING FOR JUDGE WRIGHT TO

6      ISSUE THE SCHEDULING ORDER – NOT THE SCHEDULING CONFERENCE

7      ORDER BUT THE ACTUAL SCHEDULE FOR THE CASE.

8              SO, YOU SHOULD READ RULE 16(B) TO UNDERSTAND THE

9      TIMING OF EVERYTHING.

10             BUT UNTIL  -- UNTIL THERE IS AN OBLIGATION TO HOLD A RULE

11     16  -- I'M SORRY  -- YEAH, A RULE 16 CONFERENCE, YOU KNOW, JUDGE

12     WRIGHT MAY DECIDE  -- AND I DON'T KNOW HOW HE ADDRESSES THESE

13     THINGS, BUT HE MAY DECIDE THAT HE'S  -- IF HE DOESN'T HAVE TO, HE'S

14     NOT GOING TO SET A SCHEDULING CONFERENCE UNTIL THE MOTION TO

15     DISMISS IS RULED UPON BECAUSE IT'S ALL TOGETHER POSSIBLE THAT

16     THE CASE WILL BE DISMISSED ON JURISDICTIONAL ISSUES.

17             I KNOW YOU HOPE THAT NOT TO BE THE CASE.  BUT GIVEN THE

18     NATURE OF THE MOTION IT'S POSSIBLE.

19             AND, SO, IT WOULD NOT BE A GOOD USE OF THE COURT'S

20     RESOURCES TO SET A SCHEDULING CONFERENCE BEFORE THE MOTION

21     TO DISMISS.

22             THAT DOESN'T MEAN THAT JUDGE WRIGHT CAN'T DO THAT.  BUT

23     HE IS  NOT REQUIRED ONE WAY OR THE OTHER.

24             DOES THAT MAKE SENSE?

25             MR. CARR:  YES, IT DOES.

1              AND THANK YOU AGAIN  --

2              THE COURT:  YOU'RE WELCOME.

3              MR. CARR:  -- FOR THAT WONDERFUL EXPLANATION.

4              THE NEXT QUESTION IS -- AND I GUESS THE LAST ONE WAS NOT

5    THE ULTIMATE QUESTION.

6              THE NEXT QUESTION IS WILL I BE ABLE TO OR AM I ALLOWED

7    TO FILE A MOTION REQUESTING THE SCHEDULING ORDER, OR IS THAT

8    SOMETHING THAT THE JUDGE  -- IN THIS CASE, AGAIN, JUDGE WRIGHT  --

9    DECIDES ON ITS OWN  -- ON HIS OWN I SHOULD SAY?

10             THE COURT:  YOU CAN ASK THE COURT FOR ANYTHING YOU

11   WOULD LIKE.  THAT DOESN'T MEAN YOU WILL GET IT.

12             (LAUGHTER.)

13             MR. CARR:  I UNDERSTAND.

14             THE COURT:  BUT THE WAY IT WORKS IN CIVIL LITIGATION IS IF

15   YOU WANT SOMETHING FROM THE COURT THE WAY YOU DO IT IS YOU FILE

16   A MOTION.  OR SOMETIMES DEPENDING ON WHAT IT IS YOU'RE ASKING

17   FOR, SOMETIMES IT'S AN APPLICATION.

18             BUT IT DOESN'T MATTER.  FOR PURPOSES OF LET'S CALL IT A

19   MOTION.

20             MR. CARR:  OKAY.

21             THE COURT:  SO, I SUPPOSE YOU COULD FILE A MOTION

22   REQUESTING JUDGE WRIGHT TO ISSUE A SCHEDULING ORDER.   BUT, YOU

23   KNOW, JUDGE WRIGHT KNOWS THE RULES.  HE KNOWS WHEN HE'S

24   SUPPOSED TO DO IT.  I'M NOT SURE IT WILL GET YOU VERY FAR.

25             ON THE OTHER HAND, YOU KNOW, IT COULD.  I DON'T KNOW.

1             MR. CARR:  I SEE.  OKAY.

2             WELL, THE WORST HE COULD DO IS DENY IT, RIGHT? -- OR SAY

3 NO.   SO, THAT'S – THAT'S GOOD TO KNOW.

4             OKAY.  SO, RULE 16(B), SCHEDULING ORDER – HOW THEY RULE

5 26(F) DEALING WITH THE CONFERENCE NO LATER THAN  -- NO LATER THAN

6 21 DAYS.  I SEE THAT.

7             OKAY.  I THINK I HAVE THE COMPLETE PICTURE NOW, YOUR

8 HONOR.

9             THANK YOU SO MUCH ONCE AGAIN FOR YOUR EXPLANATIONS.

10             THE COURT:  OKAY.  SO, WHAT WOULD YOU LIKE TO DO?

11             MR. CARR:  I THINK I WILL WITHDRAW THE MOTION COMPELLING

12 DOCUMENTS OR THE PRODUCTION OF DOCUMENTS.  IT LOOKS BETTER

13 THAN IT BEING DENIED  -- (LAUGHTER)  -- SO, I'LL GO FOR THAT.

14             THE COURT:  OKAY.

15             ALL RIGHT.  THEN WOULD YOU  -- I CAN – WOULD YOU LIKE TO

16 FORMALLY REQUEST THAT I ORDER IT WITHDRAWN NOW?  OR DO YOU

17 WANT TO FILE SOMETHING?

18             IT'S UP TO YOU.  YOU CAN MAKE AN ORAL MOTION.  I SUSPECT

19 MS. CASSELMAN WILL NOT OPPOSE IT.

20             ALTHOUGH, IT'S CERTAINLY MS. CASSELMAN  -- WELL, I GUESS

21 MS. CASSELMAN WAS SAYING IT'S PREMATURE.

22             BUT YOU CAN MAKE AN ORAL MOTION IF YOU WOULD LIKE, MR.

23 CARR.  IT'S UP TO YOU.

24             MR. CARR:  YES, I'D LIKE  -- YES, I'D LIKE TO DO THAT AND MAKE

25 THE ORAL MOTION HERE ON THE RECORD FOR FORMAL WITHDRAWAL OF

1    THE MOTION TO COMPEL.

2            THE COURT:  OKAY.

3            MS. CASSELMAN, ANY OPPOSITION?  OBJECTION?

4            MS. CASSELMAN:  NO, I DON'T OBJECT.

5            THE COURT:  OKAY.

6            MR. CARR:  I WOULD --

7            THE COURT:  AND --

8            MR. CARR:  I WOULD LIKE TO ADD SOMETHING, YOUR HONOR.

9            AND THAT IS THAT'S WITH THE UNDERSTANDING THAT IT'S

10    WITHOUT PREJUDICE.

11            THE COURT:  THAT IS WHAT I WOULD ORDER, YES.

12            MR. CARR:  OKAY.  YES.  OKAY.  I'M ALL FOR IT 100 PERCENT.

13            THE COURT:  OKAY.

14            IN LIGHT OF THE DISCUSSION WITH THE PARTIES REGARDING

15    THE TIMING OF THE MOTION AND THE RULES REGARDING WHEN

16    DISCOVERY MAY BEGIN, THE COURT FINDS THAT GOOD CAUSE APPEARS

17    FOR THE WITHDRAWAL -- FOR THE GRANTING OF A MOTION TO WITHDRAW

18    PETITIONER  -- SORRY, PLAINTIFF'S MOTION TO COMPEL PANERA TO

19    COMPLY WITH  -- AND GRANT THE REQUEST.

20            SO, I WILL ORDER THE MOTION TO BE DENOTED AS WITHDRAWN

21    WITHOUT PREJUDICE.

22            MR. CARR:  THANK YOU SO MUCH, YOUR HONOR.  I APPRECIATE

23    IT.

24            AND I APPRECIATE YOUR ATTENDANCE AND PATIENCE.  MS.

25    CASSELMAN, AS WELL.

1          THE COURT:  WELL, YOU'RE VERY WELCOME, MR. CARR.

2          GOING FORWARD, LET ME EXPLAIN.  I AM YOUR  -- I AM YOUR

3   DISCOVERY JUDGE.  AND I AM YOUR SETTLEMENT CONFERENCE JUDGE.  I

4   AM AVAILABLE AS YOUR SETTLEMENT CONFERENCE JUDGE.

5          THE PARTIES WILL HAVE AN OPPORTUNITY TO TELL JUDGE

6   WRIGHT HOW THEY WANT TO CONDUCT ALTERNATIVE DISPUTE

7   RESOLUTION WHICH JUDGE WRIGHT USUALLY ORDERS.

8          AND YOU'LL BE GIVEN THREE CHOICES.  ONE OF THEM WILL BE

9   PRIVATE MEDIATION.  ONE OF THEM WILL BE MEDIATION THROUGH THE

10  COURT'S PANEL WHICH HAS A CHARGE OF  --  PRIVATE MEDIATION OF

11  COURSE IS YOU WILL PAY.

12         THE COURT HAS AN ADR PANEL WHICH IS MADE UP OF

13  MEDIATORS AND LAWYERS WHO AREN'T  -- WHO OFFER SOME OF THEIR

14  HOURS PRO BONO TO TRY TO RESOLVE CASES AND AT A VERY LOW RATE.

15         OR YOU'LL HAVE THE CHOICE OF A MAGISTRATE JUDGE WHICH

16  WOULD BE ME BECAUSE I'M THE ONE THAT'S ASSIGNED TO YOUR CASE.

17         SO, THIS IS NOT TO SAY THAT YOU NEED TO GO ONE WAY OR

18  THE OTHER.  I JUST WANT YOU TO KNOW THAT THOSE ARE THE TWO

19  FUNCTIONS THAT I FULFILL IN THIS CASE ABSENT IF THE PARTIES SHOULD

20  CONSENT TO ME FOR ALL PURPOSES.  BUT THAT'S NOT THE ISSUE RIGHT

21  NOW.

22         SO, I WOULD LIKE TO ADDRESS BOTH OF THOSE THINGS VERY

23  QUICKLY.

24         AND I KNOW, MS. CASSELMAN, YOU'RE HOPING THAT NONE OF

25  THIS WILL COME TO FRUITION BECAUSE YOU'RE HOPING THAT THE

1    MOTION WILL BE DISMISSED – THAT THE CASE, SORRY, WILL BE

2    DISMISSED ON YOUR JURISDICTIONAL MOTION.

3         BUT IN THE EVENT THAT IT'S NOT, I WANT TO MAKE SURE THAT

4    WHEN THINGS START ROLLING, MR. CARR IS -- YOU KNOW, HAS AN

5    UNDERSTANDING OF HOW THIS IS GOING TO PLAY OUT.

6         I KNOW YOU ARE A PRO AT THIS, MS. CASSELMAN.  BUT

7    MR. CARR MAY NEED SOME DIRECTION WITH RESPECT TO HOW ALL OF

8    THIS WORKS.

9         SO, MR. CARR, WHEN DISCOVERY STARTS, IF -- YOU WILL OF

10   COURSE HANDLE DISCOVERY WITH PANERA AND ANY OTHER THIRD

11   PARTY AND OF COURSE WITH THE PARTIES IN THIS CASE.

12        IF THERE IS A DISPUTE SUCH AS THIS THAT BROUGHT US HERE

13   TODAY, YOUR DISPUTE WITH PANERA, IF THERE IS A DISPUTE ON ANY

14   DISCOVERY ISSUE, BEFORE YOU FILE A MOTION YOU HAVE TO COMPLY

15   WITH RULE  -- LOCAL RULE 37 WHICH TELLS YOU THAT YOU HAVE TO MEET

16   AND CONFER.  AND IT TELLS YOU HOW YOU HAVE TO MEET AND CONFER

17   WITH THE OTHER SIDE BEFORE GETTING THE COURT INVOLVED.

18        AND THEN THERE'S ALSO MY LOCAL REQUIREMENTS, MY

19   PERSONAL REQUIREMENTS.  AND YOU CAN FIND THOSE IN THE COURT'S

20   WEBSITE.  JUST FIND JUDGES' REQUIREMENTS, THE TAB FOR JUDGE'S

21   REQUIREMENTS.  AND LOOK FOR MY NAME.  AND CLICK ON THAT.  AND

22   THAT WILL GIVE YOU ALL OF MY REQUIREMENTS FOR ANYTHING THAT

23   COMES BEFORE ME.

24        ONE OF THE THINGS THAT YOU WILL FIND IS IF THERE'S A

25   DISCOVERY DISPUTE BEFORE FILING A MOTION, THE PARTIES HAVE TO

1    PARTICIPATE IN AN INFORMAL DISCOVERY CONFERENCE, WHICH IS WHAT I

2    SET THE FIRST -- WHEN I FIRST OBTAINED -- RECEIVED YOUR MOTION,

3    RIGHT --

4              MR. CARR:  YES.

5              THE COURT:   -- I SET AN INFORMAL DISCOVERY CONFERENCE.

6              MR. CARR:  YES.

7              THE COURT:  SO, I JUST WANT TO REMIND YOU OF THOSE

8    OBLIGATIONS BECAUSE IF YOU DON'T FOLLOW THOSE, I WILL STRIKE

9    YOUR MOTION.

10             THIS TIME I DIDN'T BECAUSE I REALIZED THAT YOU WERE

11   PROCEEDING, YOU KNOW, REPRESENTING YOURSELF.  AND I

12   UNDERSTAND THAT, YOU KNOW, OFTEN THESE RULES ARE A LITTLE BIT

13   DIFFICULT TO FOLLOW.

14             BUT NOW THAT I'M MAKING IT VERY CLEAR TO YOU, MR. CARR.

15             MR. CARR:  YES.

16             THE COURT:  YOU CAN'T FILE A MOTION  -- A DISCOVERY

17   MOTION WITHOUT GOING TO ME FIRST.

18             AND THE PURPOSE OF THAT IS TO GET TO -- TO SEE IF I CAN

19   HELP THE PARTIES RESOLVE THE DISPUTE BEFORE EVERYBODY SPENDS

20   A LOT OF TIME AND MONEY ON FILING MOTIONS.

21             OKAY?

22             MR. CARR:  YES, YOUR HONOR.  THANK YOU AGAIN FOR THAT.

23             I'LL SAVE ANY OTHER QUESTIONS I HAVE.  I'LL READ ALL THESE

24   FIRST.

25             AS I MENTIONED, RULE 26(F), RULE 16(B) AND ALSO LOCAL RULE

1    27 AS WELL AS YOUR -- YOUR RULES UNDER -- I THINK – THERE.

2              I'VE ACTUALLY LOOKED -- I'VE READ YOUR ENTIRE PAGE.

3              THE COURT:  OKAY.

4              MR. CARR:  I HAVEN'T MEMORIZED IT.  BUT I DO – I AM FAMILIAR

5    WITH IT SOMEWHAT.  SO, THANK YOU VERY MUCH FOR THAT.

6              THE COURT:  OKAY.

7              AND THEN THE ONLY OTHER THING THAT I -- YOU KNOW,

8    WEARING MY SETTLEMENT CONFERENCE HAT.  IF THE PARTIES SHOULD

9    DESIRE AT ANY POINT IN YOUR CASE TO SEE IF I CAN HELP YOU RESOLVE

10   THE CASE, PLEASE FEEL FREE TO REACH OUT TO ME THROUGH MY

11   COURTROOM DEPUTY.  YOU KNOW HER EMAIL ADDRESS IS MY MAA

12   UNDERSCORE CHAMBERS ADDRESS.

13             AND I WILL BE MORE THAN HAPPY TO ASSIST THE PARTIES.

14             OTHERWISE, I THINK WE ARE DONE HERE.

15             AND I -- WHILE I AM HAPPY TO ASSIST IN ANY WAY THAT I CAN

16   IN YOUR CASE, I HOPE THAT YOU FOLKS CAN RESOLVE ALL YOUR

17   DISCOVERY DISPUTES WITHOUT COURT INTERVENTION.

18             BUT IF YOU CAN'T, PLEASE KNOW THAT I AM HERE.

19             MR. CARR:  THANK YOU VERY MUCH, YOUR HONOR.

20             I APPRECIATE YOUR HELP AND YOUR CONSIDERATION EVEN

21   THIS INFORMAL, IF YOU WILL, DISCOVERY CONFERENCE.

22             SO, I CAN'T THANK YOU ENOUGH.

23             THE COURT:  YOU'RE VERY WELCOME.

24             IS THERE ANYTHING ELSE I CAN DO FOR THE PARTIES AT THIS

25   POINT?

1          MR. CARR?

2          MR. CARR:  NO, YOUR HONOR.  THAT'S IT FOR ME.

3          THANK YOU.

4          THE COURT:  OKAY.

5          MS. CASSELMAN?

6          MS. CASSELMAN:  NO, YOUR HONOR.

7          THANK YOU VERY MUCH.

8          THE COURT:  ALL RIGHT.

9          THANK YOU, FOLKS.  I THINK WE CAN GO AHEAD, MS. ESTRADA,

10    AND TAKE US OFF THE RECORD.

11          THE CLERK:  THIS COURT IS ADJOURNED.

12          (PROCEEDINGS ADJOURNED.)

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2　　　　　　　　　　　TRANSCRIBER'S CERTIFICATE

3　　　　　　　　　　　　　　DISCLAIMER

4　　THE INTEGRITY OF THIS TRANSCRIPT MAY BE ADVERSELY AFFECTED

5　　　　DUE TO MUFFLED AND UNCLEAR AUDIO TRANSMISSION.

6

7　　　　　　I, Dorothy Babykin, attest that the foregoing proceedings provided to me

8　electronically were transcribed by me to the best of my ability.

9

10　　　　　　　　　　　　　／s／  *Dorothy Babykin*

11　　　　　　　　　　　　　Dorothy Babykin

12　Date:  8/18/23

13

14

15

16

17

18

19

20

21

22

23

24

25

Dorothy Babykin Courthouse Services
1218 Valebrook Place　•　Glendora, CA 91740　•　626.963.0566　•　dotnisbet@aol.com